## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

| | |
|---|---|
| **TRAXXAS, L.P.,** § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 2:18-cv-35 |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **SUNNY DAYS ENTERTAINMENT,** § | |
| **LLC,** § | |
| § | |
| *Defendant.* § | |

### COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, UNJUST ENRICHMENT, AND DENIAL OF TRADEMARK APPLICATION

COMES NOW Plaintiff Traxxas, L.P. and files this Complaint for Trademark Infringement, Unfair Competition, Dilution, Unjust Enrichment, and Denial of Trademark Application against Defendant Sunny Days Entertainment, LLC, alleging as follows:

### I. NATURE OF THE SUIT

1. This is a claim for infringement of a federally registered trademark, unfair competition, dilution, and denial of a federal trademark application arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related claims for trademark dilution under Texas Business and Commerce Code § 16.103 and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

### II. THE PARTIES

2. Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

3.     Defendant **Sunny Days Entertainment, LLC ("Sunny Days")** is a South Carolina corporation having a principal place of business in Simpsonville, South Carolina.

### III.  JURISDICTION AND VENUE

4.     Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), this Court has subject matter jurisdiction over the federal trademark infringement, unfair competition, dilution, and denial of federal trademark application claims because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

5.     Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over the state trademark infringement, unfair competition, trademark dilution, and unjust enrichment claims because those claims arise from the same nucleus of operative facts as the federal trademark infringement, unfair competition, dilution, and denial of trademark application claims.

6.     This Court has specific personal jurisdiction over Sunny Days pursuant to due process and the Texas Long Arm Statute because Sunny Days, directly or through intermediaries, has conducted and does conduct substantial business in this forum, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

7.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth above.  Furthermore, venue is proper because Sunny Days, directly or through

intermediaries, sells and offers to sell infringing products to persons in this District, as discussed below. Each of Sunny Days' infringing acts in this District gives rise to proper venue.

## IV. BACKGROUND

### A. Traxxas and Its Trademarks

8. Traxxas was started in 1986 and has grown to become the number-1 selling name in Ready-To-Run nitro and electric model vehicles for the last 30 years running.

9. Since at least September 12, 1986, Traxxas has continuously used the standard characters "TRAXXAS" (the "TRAXXAS Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

10. On February 6, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued to Traxxas United States Trademark Registration No. 3,205,399, which comprises the standard characters "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

11. Traxxas' right to use its TRAXXAS Mark has become incontestable.

12. In 1999, Traxxas launched the T-MAXX, the first nitro radio-controlled model vehicle with a true forward/reverse transmission.

13. Since at least November 28, 1999, Traxxas has continuously used the standard characters "T-MAXX" (the "T-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

14. On November 7, 2006, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,169,710 (the "T-MAXX Registration"), which comprises the standard characters "T-MAXX" as applied to radio-controlled model vehicles and parts

therefor in International Class 028. A true and correct copy of the T-MAXX Registration is attached hereto as Exhibit A.

15. Traxxas' right to use its T-MAXX Mark has become incontestable.

16. Since at least December 1999, Traxxas has continuously used the standard characters "MAXX" (the "MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

17. On January 2, 2007, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,191,106 (the "MAXX Registration"), which comprises the standard characters "MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the MAXX Registration is attached hereto as Exhibit B.

18. Traxxas' right to use its MAXX Mark has become incontestable.

19. Since at least December 4, 2000, Traxxas has continuously used the standard characters "E-MAXX" (the "E-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

20. On May 12, 2009, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,619,270 (the "E-MAXX Registration"), which comprises the standard characters "E-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the E-MAXX Registration is attached hereto as Exhibit C.

21. Traxxas' right to use its E-MAXX Mark has become incontestable.

22. Since at least July 17, 2009, Traxxas has continuously used the standard characters "MINI MAXX" (the "MINI MAXX Mark") in interstate commerce to identify,

advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

23. On October 13, 2009, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,697,101 (the "MINI MAXX Registration"), which comprises the standard characters "MINI MAXX" as applied to radio controlled scale model vehicles equipped with an electric motor or an internal combustion engine, a wireless control signal receiver mounted on the vehicle enabling remote control of vehicle speed and steering, and parts therefor in International Class 028. A true and correct copy of the MINI MAXX Registration is attached hereto as Exhibit D.

24. Since at least October 30, 2015, Traxxas has continuously used the standard characters "X-MAXX" (the "X-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

25. On December 27, 2016, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 5,110,758 (the "X-MAXX Registration"), which comprises the standard characters "X-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the X-MAXX Registration is attached hereto as Exhibit E.

26. The TRAXXAS Mark, on one hand, and the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, the MINI MAXX Mark, and the X-MAXX Mark (collectively, the "Traxxas MAXX Marks"), on the other hand, each contain the standard characters "XX."

27. As a result of Traxxas' long use and promotion of the Traxxas MAXX Marks, the Traxxas MAXX Marks have become distinctive to designate Traxxas, to distinguish Traxxas and its products from those of others, and to distinguish the source or origin of Traxxas' products.

As a result of these efforts by Traxxas, the consuming public in Texas and throughout the United States widely recognizes and associates the Traxxas MAXX Marks with Traxxas.

28. As a result of Traxxas' long use and promotion of the Traxxas MAXX Marks in Texas and elsewhere, Traxxas has acquired valuable common law rights in the Traxxas MAXX Marks.

29. The Traxxas MAXX Marks are famous pursuant to 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

## B.     Sunny Days' Infringing Activities

30. Sunny Days, directly or through intermediaries, sells, offers for sale, distributes, and advertises role play toys (for children to imitate real life occupations) as well as toy bows and arrows, toy guns, toy trucks, and toy vehicles under the name "MAXX ACTION" (the "Infringing Mark"). Examples of Sunny Days' use of the Infringing Mark are attached hereto as Exhibit F.

31. Sunny Days is using the Infringing Mark in commerce.

32. Sunny Days, directly or through intermediaries, purposefully and voluntarily places products bearing the Infringing Mark into the stream of commerce with the expectation that they will be purchased by consumers in this District.

33. Sunny Days' products bearing the Infringing Mark are sold and offered for sale in this District.

34. Sunny Days is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to use the Traxxas MAXX Marks or any confusingly similar marks.

## C.     Effect of Sunny Days' Infringing Activities

35.     Sunny Days' unauthorized use of the Infringing Mark is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Sunny Days with Traxxas, or as to the origin, sponsorship, or approval of Sunny Days' products by Traxxas.

36.     Sunny Days' unauthorized use of the Infringing Mark falsely designates the origin of its products and falsely and misleadingly describes and represents facts with respect to Sunny Days and its products.

37.     Sunny Days' unauthorized use of the Infringing Mark enables Sunny Days to trade on and receive the benefit of goodwill built up at great labor and expense by Traxxas over many years, and to gain acceptance for its products not solely on their own merits, but on the reputation and goodwill of Traxxas, its Traxxas MAXX Marks, and its products.

38.     Sunny Days' unauthorized use of the Infringing Mark is likely to cause dilution of the famous Traxxas MAXX Marks.

39.     Sunny Days' unauthorized use of the Infringing Mark unjustly enriches Sunny Days at Traxxas' expense. Sunny Days has been and continues to be unjustly enriched, obtaining a benefit from Traxxas by taking undue advantage of Traxxas and its goodwill.

40.     Specifically, Sunny Days has taken unfair advantage of Traxxas by trading on and profiting from the goodwill in the Traxxas MAXX Marks developed and owned by Traxxas, resulting in Sunny Days wrongfully obtaining a monetary and reputational benefit for its own business and products.

41.     Sunny Days' unauthorized use of the Infringing Mark removes from Traxxas the ability to control the nature and quality of products provided under the Traxxas MAXX Marks

and places the valuable reputation and goodwill of Traxxas in the hands of Sunny Days, over whom Traxxas has no control.

42. Unless these acts of Sunny Days are restrained by this Court, these acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**D.    Sunny Days' MAXX ACTION Application**

43. On September 6, 2017, Sunny Days filed with the USPTO Application Serial No. 87/598,578 (the "MAXX ACTION Application") for the standard characters "MAXX ACTION" as applied to "Role play toys in the nature of playsets for children to imitate real life occupation; Toys, namely, toy bows and arrows, toy guns, toy trucks, toy vehicles" in International Class 028 (the "MAXX ACTION Mark").

44. On or before January 25, 2018, the USPTO approved the MAXX ACTION Application for publication in the Official Gazette.

45. By virtue of Traxxas' prior and senior rights arising from use of its Traxxas MAXX Marks, Sunny Days is barred from obtaining a registration of the same mark, because the attempt to register by Sunny Days of the MAXX ACTION mark for similar goods and services as those provided by Traxxas, without Traxxas' authorization, creates a likelihood of confusion under Section 2(d) of the Trademark Act (15 U.S.C. § 1052(d)) that there exists a common source, affiliation, and sponsorship with the goods and services provided by Traxxas in connection with its Traxxas MAXX Marks.

46. If Sunny Days is permitted to obtain the registration sought, and thereby obtain the *prima facie* exclusive right to use the MAXX ACTION Mark in commerce for its goods and

services, Traxxas will be harmed in that a cloud will be placed on Traxxas' title in and to its Traxxas MAXX Marks and its right to enjoy the free and exclusive use thereof.

47. At least through a letter dated December 4, 2017, Traxxas has notified Sunny Days of Traxxas' rights in the Traxxas MAXX Marks.

48. Traxxas has made numerous attempts to resolve this dispute with Sunny Days prior to filing this lawsuit.

## V. CLAIMS

### A. Federal Trademark Infringement

49. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

50. Sunny Days' acts complained of herein constitute infringement of Traxxas' federally registered Traxxas MAXX Marks in willful violation of 15 U.S.C. § 1114(1).

### B. Federal Unfair Competition

51. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

52. Sunny Days' acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

### C. Federal Trademark Dilution

53. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

54. Sunny Days' acts complained of herein constitute dilution of Traxxas' famous Traxxas MAXX Marks in willful violation of 15 U.S.C. § 1125(c).

**D.     Texas Trademark Infringement**

55.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

56.     Sunny Days' acts complained of herein constitute trademark infringement in violation of Texas state common law.

**E.     Texas Unfair Competition**

57.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

58.     Sunny Days' acts complained of herein constitute unfair competition in violation of Texas state common law.

**F.     Texas Trademark Dilution**

59.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

60.     Sunny Days' acts complained of herein constitute dilution of Traxxas' famous Traxxas MAXX Marks in willful violation of Texas Business and Commerce Code § 16.103.

**G.     Texas Unjust Enrichment**

61.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

62.     Sunny Days' acts complained of herein constitute unjust enrichment of Sunny Days at Traxxas' expense in violation of Texas state common law.

**H.     Denial of the MAXX ACTION Application**

63.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

64. By virtue of Traxxas' prior and senior rights arising from its prior use of its Traxxas MAXX Marks, Sunny Days is barred from obtaining registration of the MAXX ACTION Mark because Sunny Days' attempt to register the MAXX ACTION Mark, without Traxxas' authorization, creates a likelihood of confusion under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

## VI. DAMAGES

65. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

66. Sunny Days' acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Sunny Days' profits under 15 U.S.C. § 1117(a).

67. Sunny Days' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Traxxas' rights in the Traxxas MAXX Marks, and with intent to cause confusion, to trade on Traxxas' goodwill in the Traxxas MAXX Marks and on the recognition of Traxxas' famous Traxxas MAXX Marks, and/or to harm the reputation of the Traxxas MAXX Marks. In view of the egregious nature of Sunny Days' acts, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## VII. PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a. A judgment in favor of Traxxas that Sunny Days has infringed the Traxxas MAXX Marks under federal and Texas state common law, as described herein;

b. A judgment in favor of Traxxas that Sunny Days has unfairly competed with Traxxas under federal and Texas state common law, as described herein;

c.  A judgment in favor of Traxxas that Sunny Days has diluted Traxxas' famous Traxxas MAXX Marks under federal and Texas state common law, as described herein;

d.  A judgment in favor of Traxxas that Sunny Days has been unjustly enriched at Traxxas' expense under Texas state common law, as described herein;

e.  A judgment and order directing the USPTO to deny the MAXX ACTION Application and refuse issuance of a registration from the MAXX ACTION Application;

f.  A permanent injunction:

    (1)  enjoining Sunny Days, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from using the Traxxas MAXX Marks and any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas MAXX Marks (including but not limited to the Infringing Mark), and from any attempt to retain any part of the goodwill misappropriated from Traxxas;

    (2)  requiring Sunny Days, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to deliver up and destroy all products bearing the Infringing Mark, as well as all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or using the Infringing Mark or any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas MAXX Marks; and

      (3)      requiring Sunny Days to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on Sunny Days of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Sunny Days has complied with the injunction;

    g.    A judgment and order directing an accounting to determine Sunny Days' profits resulting from the activities complained of herein, including Sunny Days' profits for any continuing post-verdict or post-judgment activities, and that such profits be paid over to Traxxas, increased as the Court finds to be just under the circumstances of this case;

    h.    A judgment and order requiring Sunny Days to pay Traxxas its damages sustained as a result of Sunny Days' activities described herein, including supplemental damages for any continuing post-verdict or post-judgment activities with an accounting as needed, and that such damages be trebled;

    i.    A judgment and order requiring Sunny Days to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest;

    j.    A judgment and order requiring Sunny Days to pay Traxxas its reasonable attorneys' fees; and

    k.    Such other and further relief as the Court deems just and proper.

### VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated:  February 8, 2018

Respectfully submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*